IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| PHILLIP JOSEPH FARRELL | § | |
| VS. | § | CIVIL ACTION NO. 9:19cv26 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM OPINION</u>

Petitioner Phillip Joseph Farrell, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se,* filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

<u>Factual Background</u>

An indictment was returned charging petitioner with possessing a firearm after having been convicted of a felony.  Following a jury trial in the 411th District Court of Polk County, Texas, petitioner was convicted of the offense with which he was charged.  He was sentenced to life imprisonment.  The conviction was affirmed by the Texas Court of Appeals for the Thirteenth District.  *Farrell v. State*, 2014 WL 4161573 (Tex.App.-Corpus Christi 2014).  The Texas Court of Criminal Appeals refused a petition for discretionary review and denied a motion for rehearing.

Petitioner subsequently filed a state application for writ of habeas corpus.  The Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing.

<u>Grounds for Review</u>

Petitioner asserts the following grounds for review: (a) he is actually innocent because trial counsel failed to have his mental health evaluated; (b) he received ineffective assistance of counsel at trial because counsel failed to: (1) investigate his mental health; (2) subpoena records and call a witness to testify and (3) challenge the absence of a written consent to search form; (c) the evidence was insufficient to support the conviction and (d) he did not receive effective assistance of counsel in connection with his state application for writ of habeas corpus.

## Evidence at Trial

In its opinion, the court of appeals described the evidence in this matter as follows:

On August 5, 2012, a burglary occurred in a house in the Magnolia Woods Subdivision in Livingston, Texas. Detective Anthony Lowrie testified that neighbors observed three people leaving the house carrying weapons and ammunition and who fled once the neighbors saw them. Police arrested Katrina Barnes, one of the three suspects, who admitted to the burglary. Barnes told Detective Chris Lima that Adam Horn, one of the other two, was currently at the residence of Timothy Smith. Smith lived on the same street as appellant, and Detective Lima first knocked on the door of appellant's house, thinking it was Smith's. Appellant answered the door, told Detective Lima of his mistake, and the detective left.

After arresting all three suspects, Barnes told Detective Lima that appellant was keeping one of the stolen firearms at appellant's house. Detectives Lima and Lowrie returned to the house and knocked on the door. Detective Lima testified that appellant answered the door and denied knowledge of the gun until Detective Lima told him that "we already know that the gun is here, you know, we need to get it back from you. We said, you know, you may not have stole [sic] it; but we know you have the gun here." Appellant admitted that he had the firearm in his house and told the two detectives that he would get it for them. Detective Lima asked appellant if the detectives could accompany him to get the gun for the detectives' safety, and appellant responded: "Go ahead. That would be fine." Detective Lima testified that because of officer safety concerns, they did not intend to let appellant retrieve the weapon if he had refused to let them accompany them inside the house. Appellant handed the firearm to the detectives and all three men returned to the front porch, followed by appellant's wife. The detectives began talking to appellant about obtaining further consent to search for narcotics they believed appellant was selling. Both detectives testified that at the time, they did not know appellant had previous felony convictions.

## Standard of Review

Title 28 U.S.C. § 2254 authorizes a district court to entertain a petition for writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment if the prisoner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). The court may not grant relief on any claim that was adjudicated in state court proceedings unless the adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court reaches a conclusion opposite to a decision reached by the Supreme Court on a question of law or if the state court decides a case

2

differently than the Supreme Court has on a materially indistinguishable set of facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).   An application of clearly established federal law is unreasonable if the state court identifies the correct governing legal principle, but unreasonably applies that principle to the facts. *Id*.   An unreasonable application of law differs from an incorrect application; thus, a federal habeas court may correct what it finds to be an incorrect application of law only if this application is also objectively unreasonable. *Id*. at 409-411.   "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citation omitted).   "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*.   The Supreme Court has noted that this standard is difficult to meet "because it was meant to be." *Id*.

In addition, this court must accept as correct any factual determination made by the state courts unless the presumption of correctness is rebutted by clear and convincing evidence.   28 U.S.C. § 2254(e).   The presumption of correctness applies to both implicit and explicit factual findings. *See Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001) ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact.").

Analysis

*Actual Innocence*

Initially, petitioner contends he is actually innocent of possessing a weapon after having been convicted of a felony.   He bases this contention on newly discovered evidence concerning his mental state.

A freestanding claim of actual innocence does not provide a basis for federal habeas relief. *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *Coleman v. Thaler*, 716 F.3d 895, 908 (5th Cir. 2013). As a result, this ground for review does not provide petitioner with a basis for relief in this

3

proceeding.  Moreover, the evidence petitioner cites is insufficient to demonstrate actual innocence.

*Ineffective Assistance of Counsel*

A.  Legal Standard

In order to establish an ineffective assistance of counsel claim, a petitioner must prove counsel's performance was deficient, and that the deficient performance prejudiced petitioner's defense. *Strickland v. Washington*, 466 U.S. 668 (1984).  As a petitioner must prove both deficient performance and prejudice, failure to prove either will be fatal to his claim.  *Johnson v. Scott*, 68 F.3d 106, 109 (5th Cir. 1995).

Judicial review of counsel's performance is highly deferential.  *Strickland*, 466 U.S. at 689. There is a strong presumption counsel rendered reasonable, professional assistance and that the challenged conduct was the result of a reasoned strategy.  *Id*.; *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992).  To overcome the presumption that counsel provided reasonably effective assistance, a petitioner must prove counsel's performance was objectively unreasonable in light of the facts of the case.  *Strickland*, 466 U.S. at 689-90.  A reasonable professional judgment to pursue a certain strategy should not be second-guessed.  *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983).

In addition to demonstrating counsel's performance was deficient, a petitioner must also show prejudice resulting from the inadequate performance.  *Strickland*, 466 U.S. at 691-92.  A petitioner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.  A petitioner must show a substantial likelihood that the result would have been different if counsel had performed competently.  *Harrington v. Richter*, 562 U.S. at 110.

B.  Application

1.  Failure to Investigate Mental Health

Petitioner contends that prior to trial, his counsel was aware of his mental health issues.  He states counsel should have requested a mental health evaluation.  Petitioner states he suffered from

4

post-traumatic stress disorder as a result of a prior incarceration.  He also faults counsel for failing

to consider automatism.  He contends that a proper investigation by counsel would have revealed

his mental health issues.

In connection with petitioner's state application for writ of habeas corpus, counsel submitted

an affidavit which provides, in part, as follows:

> At no time during my representation of the applicant, did he indicate that he had any mental health issues.  I met with the applicant on multiple occasions and at no time did I form the opinion that he had mental health issues that would have any effect on the outcome of his criminal case.  At no time did I feel it was necessary to hire a mental health expert.  At no time did any member of the applicant's family approach me regarding the applicant's mental health. At no time did the applicant, or any member of his family, provide me any records of alleged mental health issues.

The state habeas trial court made the following findings of fact and conclusions of law:

> The Court finds that trial counsel, Christie Hancock-Jones, filed an affidavit regarding the issues alleged in the application for writ of habeas corpus.

> The Court finds that Ms. Hancock-Jones was credible in her affidavit.

> The Court finds that trial counsel was unaware of any alleged mental health issues of the applicant.

> The Court finds that trial counsel was not ineffective for failing to obtain a neurologist, psychologist or psychiatrist to assist in the defense.

> The Court finds that trial counsel was not ineffective for failing to obtain medical records of the applicant.

> The Court finds that the applicant did not make trial counsel aware of alleged mental health issues.

Petitioner states he made counsel aware of his mental health issues.  Counsel said that he did

not.  The state habeas trial court found counsel's version of the events to be credible and that

petitioner did not inform counsel of his mental health issues.  Those findings are not an unreasonable

determination of the facts in light of the evidence before the state court.  Further, petitioner has not

rebutted by clear and convincing evidence the presumption of correctness given to such findings.

As counsel was not made aware that petitioner had any mental health issues, she had no

reason to investigate petitioner's mental health.  Her performance on this issue therefore did not fall

below an objective standard of reasonableness and did not constitute ineffective assistance of

counsel.

2. <u>Failure to Subpoena Records and Call Witness to Testify</u>

Petitioner also asserts counsel should have subpoenaed records that would have shown he never lived at the house where the firearm was found. Petitioner further states counsel should have called Kimbra Rayon to testify concerning ownership of the firearm.

In her affidavit, counsel stated as follows regarding Ms. Rayon:

> In representing the applicant, I attempted to interview Kimbra Rayon. Ms. Rayon was living in the home with the applicant at the time of the search and ultimate seizure of the firearm. Ms. Rayon was represented by counsel and I was not granted permission to interview her. Her trial counsel also informed me that Ms. Rayon would not be allowed to testify in the applicant's trial.

Any records regarding whether petitioner lived at the residence would only have been relevant as to whether petitioner possessed the firearm. Whether petitioner actually lived at the residence or not would not have been determinative on this issue. Detective Lima testified that petitioner told him he had the firearm and that it was in his bedroom. Petitioner then led him to where the firearm was located. In light of such testimony, there is not a reasonable probability the result of the proceeding would have been different if counsel had obtained records showing petitioner did not live at the residence.

Counsel's affidavit, which the state habeas trial court found to be credible, establishes that Ms. Rayon was not available to testify on behalf of petitioner, presumably because she would have invoked her right against self-incrimination if called to testify. As Ms. Rayon was not available to testify, counsel's failure to call her to testify did not fall below an objective standard of reasonableness or result in prejudice.

3. <u>Failure to Challenge Search</u>

Petitioner states there was no signed written form demonstrating his consent to the search. He asserts that at a hearing counsel failed to object to the absence of such form and seek to suppress the seizure of the rifle on that basis.

6

The contention that counsel did not object to the absence of a written consent form is not supported by the record.  A hearing was held regarding a motion to suppress evidence filed on petitioner's behalf.  At the hearing, Detective Lima stated that while consent forms had been signed, he had not brought them with him to the hearing.  He also admitted that the firearm had been seized with verbal consent, but before the written consent form had been executed.  In summation at the hearing, defense counsel stated that no consent forms had ever been supplied to the defense.  In his summation, the prosecutor said the consent form was irrelevant because the firearm was seized before the consent form was signed.

In its findings of fact, the state habeas trial court found that defense counsel did argue the lack of a signed consent form at the suppression hearing.  This finding is confirmed by the transcript of the suppression hearing.  Moreover, the court was clearly made aware that the prosecution was relying on verbal consent as the consent form was not signed until after the seizure of the rifle.

As counsel argued there was no signed consent form, counsel's performance on this issue did not fall below an objective standard of reasonableness.  This ground for review is therefore without merit.

*Insufficient Evidence*

Petitioner contends there was insufficient evidence to demonstrate he possessed the rifle. He states the residence was rented by Ms. Rayon and that the police were looking for a firearm that belonged to another person and was supposedly stolen by a third person.  He states that despite testimony from police officers at trial, Ms. Rayon was the one who told the officers where the firearm was located.  The officers told petitioner to lead them to the location that had been described by Ms. Rayon.

The standard for reviewing claims based on sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the jury's verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 442 U.S. 307, 319 (1979).  As a result, a federal habeas court "may find the evidence sufficient to support a

conviction even though the facts also support one or more reasonable hypotheses consistent with the defendant's claims of innocence." *Gibson v. Collins*, 947 F.2d 780, 783 (5th Cir. 1991). Consideration of the sufficiency of the evidence does not include review of the weight of the evidence or the credibility of witnesses, as those determinations are the exclusive province of the jury. *United States v. Young*, 107 F. App'x 442, 443 (5th Cir. 2004), *citing United States v. Garcia* 995 F.2d 556, 561 (5th Cir. 1993). All credibility choices and conflicting inferences are to be resolved in favor of the verdict. *Ramirez v. Dretke*, 398 F.3d 691, 695 (5th Cir. 2005). A federal habeas court is not authorized to substitute its interpretation of the evidence for that of the fact finder. *Alexander v. McCotter*, 775 F.2d 595, 598 (5th Cir. 1985).

The prosecution was required to prove petitioner possessed a firearm after conviction for a felony and before the fifth anniversary of his release from confinement following conviction for the felony. Under Section 1.07(a)(39) of the Texas Penal Code, possession means actual care, custody, control or management.

Detective Lima testified that he and Lieutenant Lowrie went to a house looking for an indivisual named Timothy Smith. Petitioner answered the door and told the officers that Mr. Smith lived at a different house. Detective Lima said that he and Lieutenant Lowrie later returned to the house where petitioner where they spoke to petitioner. Detective Lima told petitioner that they needed to get a .22 rifle that had been brought to the house. He states petitioner said, "Okay. I have it. It's in my bedroom. I'll go get it." Petitioner then led the police officers to the rifle and handed it to them.

Viewing Detective Lima's testimony in a light most favorable to the verdict, his testimony was sufficient to permit a rational finder of fact to conclude petitioner possessed the firearm. Petitioner led the officers to the rifle and stated, "I have it." This testimony shows petitioner had actual care, custody and control of the fiream. Petitioner's challenge to the sufficiency of the

evidence is therefore without merit.[1]

*Effective Assistance of Counsel in Connection with State Habeas Proceeding*

Finally, petitioner complains that counsel was not appointed to represent him during his state habeas proceeding. However, there is no right to counsel during state habeas proceedings. *Ruiz v. Quarterman*, 460 F.3d 638, 644 (5th Cir. 2006). This ground for review therefore does not provide petitioner with a basis for relief.

Conclusion

For the reasons set forth above, this petition for writ of habeas corpus is without merit. A final judgment will be entered denying the petition.

In addition, the court is of the opinion petitioner is not entitled to a certificate of appealability in this matter. An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability. 28 U.S.C. § 2253. The standard for a certificate of appealablilty requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84; *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not demonstrate that he would prevail on the merits. Rather, he must demonstrate that the issues he raised are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the petitioner has not shown that the issues raised in his petition are subject to debate among jurists of reason. The factual and legal issues raised by petitioner have been consistently resolved adversely to his position and the questions presented are not worthy of

---

[1] The court's conclusion regarding the merits of this ground for review pretermits consideration of the respondent's contention that this ground for review has been procedurally defaulted.

encouragement to proceed further.  As a result, a certificate of appealability shall not issue in this matter.

      **SIGNED** this the 31 day of **August, 2021.**


Thad Heartfield
United States District Judge